# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-833V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| WARREN LATHAN, | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed: December 9, 2024 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Steven K. Jambois*, Schwartz/Jambois, Chicago, IL, for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 5, 2019, Warren Lathan filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccine he received on September 8, 2017. Petition (ECF No. 1). The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Sept. 12, 2023 (ECF No. 68).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 12, 2024 (ECF No. 73) ("Mot."). This is Petitioner's sole such request. Petitioner seeks a total of $42,155.63 (reflecting $40,919.65 in fees, plus $1,235.98 in costs) for the work of

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

attorneys, Steven Jambois and Laurie Niego. Mot. at 3–4. Respondent reacted to the fees request on June 14, 2024. Response, dated June 14, 2024 (ECF No. 74) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$42,155.63**.

## I.      Fees and Costs Shall be Permitted Despite The Untimely Nature of the Request

The Vaccine Rules set express deadlines for requesting fees awards. Vaccine Rule 13(a). Since judgment was entered in this case on September 18, 2023, this request should have been filed by no later than March 16, 2024— meaning the present motion (filed three months after) is grossly untimely, and could be denied on that basis, despite the fact that the Program awards reasonable fees to prevailing petitioners.

Here, however, Petitioner's fees motion acknowledged his delay in filing, explaining that "[s]ubsequent to receiving the award, Petitioner's Counsel was unable to locate the Petitioner for several months in order to disburse said funds and secure his General Order #9." Mot. at 2. And Respondent does not otherwise object to a fees award. Accordingly, and in the interests of fairness, I will not strike this request despite its untimely nature. But counsel is warned that future dilatory fees requests (not preceded by a timely motion to extend the deadline to make the fees request) shall be denied summarily.

## II.     Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award— although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348

(citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Steven K. Jambois (Attorney)** | $431.00 | $440.00 | $459.00 | $482.00 | $498.00 | $524.00 | $550.00 |
| **Laurie A. Niego (Attorney)** | $143.00 | $146.00 | $152.00 | $160.00 | $165.00 | $174.00 | -- |

ECF No. 73-3 at 1–6.

Mr. Jambois practices in Chicago, IL—a jurisdiction that has been deemed "in forum," and thus entitling him to rates commensurate with what was established in *McCulloch*. *See Good v. Sec'y of Health & Hum. Servs.*, No. 17124V, 2023 WL 2534664, at n.3 (Fed. Cl. Spec. Mstr. Mar. 6, 2023). The rates requested (including newly-requested 2024 rates) are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[3] *Messinger v. Sec'y of Health & Hum. Servs.*, No. 20-138V, 2023 WL 4612491 Fed. Cl. Spec. Mstr. June 14, 2023). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested.

## I.  Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Dec. 9, 2024).

Petitioner seeks $1,235.98 in outstanding costs, including medical record retrieval costs. ECF No. 74-1 at 1. Such costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Final Attorney's Fees and Costs. I award a total of **$42,155.63**, reflecting $40,919.65 in fees and $1,235.98 in costs, in the form of a check made jointly payable to Petitioner and his attorney, Steven K. Jambois, P.C.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.